**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2591
_____

WILLIAM VICTOR,
                                         Appellant

v.

SUPERINTENDENT R. M. LAWLER, Warden, SCI-Huntingdon; DEPUTY SUPT.
FISHER; DEPUTY SUPT. CORBIN; CAPTAIN HARRIS; CAPTAIN HARMAN; LT.
COOPER; LT. MORRISON; LT. STEVENS; LT. LALLI; SGT. CLAPPER; C. HEING
EXAMINER C. MITCHELL; C.O. GOODMAN; C.O. GARZARELLI; C.O. BUTLER;
C.O. MAUL; C.O. N. LEHMAN; HALLIE RITCHEY; NURSE MILLER;
NURSE VICKIE; NURSE JOHN DOE, black male approx 9 pm 6/28/08; NURSE JANE
DOE, white female approx 9pm 6/28/08; LT. BAIRD, now employed at SCI-Cresson;
LT. DIFFIN; SGT. BUSCO; C.O. A.W. EBERLING; C.O. PYLE; C.O. N. GROVE;
C.O.D. PLUMMER; C.O. SNYDER; DR. RONALD LONG, SCI SMITHFIELD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:08-cv-01374)
Magistrate Judge:  Honorable Martin C. Carlson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2013

Before: SCIRICA, JORDAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 18, 2013)
_____

OPINION
_____

PER CURIAM

William Victor, a Pennsylvania inmate proceeding pro se, appeals from the District Court's denial of his request for spoliation of evidence sanctions, various pre-trial evidentiary rulings, and the entry of judgment following a jury verdict in favor of the defendants. For the following reasons, we will affirm.

I.

In July 2008, Victor filed a complaint pursuant to 42 U.S.C. § 1983, alleging that on June 28, 2008, he was assaulted by correctional officers during a cell extraction in the Restricted Housing Unit ("RHU") at SCI Huntingdon. Victor further alleged that staff were deliberately indifferent to his medical needs following the incident and that officers retaliated against him during the incident by filing false misconduct reports, entering his cell under false pretenses, and beating him.

Victor filed several motions seeking spoliation sanctions for his claim that some correctional officers destroyed, manufactured, or failed to record evidence from the cell extraction. The Magistrate Judge[1] held a week-long evidentiary hearing and subsequently granted in part and denied in part Victor's motions. Specifically, the Magistrate Judge denied Victor's request for sanctions but ruled that Victor would be

_____

[1] The parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

2

allowed to present evidence at trial regarding his claim that some staff falsely claimed

that he was attempting to hang himself at the time of the cell extraction.

During the pretrial conference, the Magistrate Judge ruled that evidence

concerning the substance of the internal and disciplinary investigations conducted for the

incident would be excluded because it would "lead to confusion of issues [and] prolong

and complicate proceedings." However, the Magistrate Judge ruled that Victor would be

allowed to elicit testimony regarding statements made by defendants during these

investigations. The Magistrate Judge also granted Victor's request that writs of habeas

corpus ad testificandum issue for several inmate-witnesses, including Harold Leaphart.

The jury trial began before the Magistrate Judge on May 21, 2012, and lasted until

May 29, 2012, when the jury returned its verdict in favor of the defendants. This appeal

followed. The Magistrate Judge subsequently denied Victor's timely motion for a new

trial.[2]

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the Magistrate Judge's

evidentiary rulings and decision regarding the request for spoliation of evidence sanctions

for abuse of discretion. See Bull v. UPS, Inc., 665 F.3d 68, 73 (3d Cir. 2012) (citing In

---

[2] We lack jurisdiction to review the Magistrate Judge's order denying Victor's motion for a new trial because he did not file a notice of appeal or an amended notice of appeal from this order. See Fed. R. App. P. 4(a)(4)(B)(ii); United States v. McGlory, 202 F.3d 664,

re Hechinger Inv. Co. of Del., Inc., 489 F.3d 568, 574 (3d Cir. 2007)); McKenna v. City of Phila., 582 F.3d 447, 460 (3d Cir. 2009).

III.

Victor first alleges that the Magistrate Judge did not apply "the full scope of spoliation review" to his request for spoliation of evidence sanctions. The cell extraction was videotaped by both fixed surveillance cameras and a handheld camera operated by Officer Goodman. Furthermore, some members of the extraction team stated that they observed either a noose or bedding draped around Victor's neck. However, the actual sheet was not preserved for evidence; only a photograph of the knotted sheet was preserved. Victor asserts that the loss of the actual bedding, the failure to retain all surveillance videos, and the eight-second interruption in the handheld camera footage filmed by Officer Goodman are proof of willful spoliation.

We agree that Victor failed to demonstrate culpable spoliation of evidence by the defendants. See Bull, 665 F.3d at 79 ("[A] finding of bad faith is pivotal to a spoliation determination."). Officers preserved footage depicting both the cell extraction and Victor bleeding in the observation cell following the extraction. Although they did not immediately act upon Victor's request to preserve footage from the fixed surveillance cameras in the RHU corridors, this delay was not intentional because they were working to preserve other relevant videos and evidence. Victor correctly asserts that an eight-

668 (3d Cir. 2000).

second interruption did occur in the footage from the handheld camera, but the interruption did not occur during any pertinent activity, and several witnesses testified regarding Goodman's inexperience because he had never before served as a videographer during a cell extraction. Overall, the record permitted the District Court to act within its discretion and draw an inference that the defendants had not engaged in intentional spoliation. See id. at 74.

Victor next argues that the Magistrate Judge erred by excluding from evidence the substance and outcomes of any disciplinary investigations into the incident. Rule 403 of the Federal Rules of Evidence provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The Magistrate Judge had broad discretion in his application of Rule 403 and may be reversed only if the ruling was "'arbitrary or irrational.'" United States v. Lee, 612 F.3d 170, 184 (3d Cir. 2010) (quoting United States v. Univ. Rehab. Servs. (PA), Inc., 205 F.3d 657, 665 (3d Cir. 2000) (en banc)).

Here, the issues before the jury were whether the defendants used force in a good faith effort to maintain or restore discipline during the cell transfer, whether defendants Diffin or Ritchie demonstrated deliberate indifference to Victor's serious medical needs, and whether the defendants retaliated against Victor by filing false misconduct reports, entering his cell under false pretenses, and beating him. See Hudson v. McMillian, 503

U.S. 1, 7 (1992); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002). The substance and outcomes of these disciplinary investigations did not involve similar issues, and so the Magistrate Judge correctly determined that such evidence would confuse the issues and complicate jury proceedings. Furthermore, Victor was permitted to question the investigating officers regarding statements made by the defendants during the investigations. Accordingly, we cannot agree that the Magistrate Judge's application of Rule 403 was arbitrary or irrational.[3]

Finally, Victor asserts that the jury's verdict in favor of the defendants "shocked the conscience" because it was based upon allegedly false testimony given by the defendants. However, it was the jury's duty, not ours, to "weigh evidence [and] determine the credibility of witnesses." United States v. Beckett, 208 F.3d 140, 151 (3d Cir. 2000); see also Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1076 (3d Cir. 1996) (citation and internal quotation marks omitted) ("a . . . court [must] not substitute its judgment of the facts and the credibility of the witnesses for that of the jury"). In light of the evidence presented at trial, a ruling for Victor here would be an impermissible substitution of our assessment of witness credibility for the jury's.

---

[3] Furthermore, Victor's assertion that the Magistrate Judge ruled that he was not allowed to call Harold Leaphart as a witness is belied by the record. The Magistrate Judge granted Victor's request for a writ of habeas corpus ad testificandum to issue for Leaphart. Victor himself chose not to call Leaphart as a witness.

Accordingly, we cannot agree with Victor that the jury's verdict shocks the judicial

conscience.[4]

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[4] Victor also alleges that the defendants' counsel made impermissible inflammatory comments during closing argument. Fed. R. App. P. 10(b)(1) requires an appellant to order a transcript of the parts of the district court proceedings "not already on file as the appellant considers necessary." Our local rules also require that an appellant order the transcript or, if the appellant cannot afford the cost of a transcript, file a motion for the provision of the transcript pursuant to 28 U.S.C. § 753(f). 3d Cir. L.A.R. 11.1. Victor has not provided a transcript of the defendants' counsel's closing argument; accordingly, we are unable to review the merits of this claim.